**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

BYRON KEITH WILLIAMS,

Petitioner,

v. Case No. 09-14747

CARMEN PALMER,

Respondent.

__________________________________/

**ORDER**
**DENYING "MOTION TO EXTEND TIME,"**
**DENYING AS UNNECESSARY "MOTION TO PROCEED *IN FORMA PAUPERIS*,"**
**DENYING AS UNNECESSARY "MOTION FOR LEAVE TO FILE EXCESS PAGES,"**
**DENYING "MOTION TO ALTER OR AMEND THE JUDGMENT," AND**
**DENYING "MOTION FOR LEAVE TO INTERVENE IN SPECIAL VISITATION"**

In 2009, Petitioner Byron Keith Williams filed a habeas corpus petition challenging his Macomb County convictions for possession with intent to deliver cocaine and conspiracy to possess with intent to deliver cocaine. He alleged that the prosecutor committed misconduct, the weight of the evidence was insufficient to establish his guilt, and the trial court erred when it denied his motion for a directed verdict. On January 23, 2012, the court denied the petition and declined to issue a certificate of appealability. The court ruled that part of Petitioner's prosecutorial-misconduct claim was procedurally defaulted, that his claim challenging the trial court's denial of his motion for directed verdict was not cognizable on habeas review, and that his remaining claims lacked merit because the state court had reasonably applied federal law in rejecting them.

Pending before the court are five post-judgment motions, filed on February 17, 2012. Petitioner has moved: (1) to extend the time to file an appeal, (2) to proceed *in forma pauperis* on his motion for extension of time, (3) for leave to file a motion in excess of ten pages, (4) to alter or amend the judgment, and (5) to compel Respondent to file answers to interrogatories.[1] For the reasons given below, the court will deny all of Petitioner's motions.

## I. MOTION TO EXTEND TIME AND MOTION TO PROCEED *IN FORMA PAUPERIS*

Petitioner's motion to extend seeks thirty additional days to obtain appellate counsel and initiate an appeal from the court's order denying him habeas relief. Although Petitioner was represented by counsel in this court, he claims that he can no longer afford to retain that attorney and he needs time to obtain another attorney to represent him on appeal. In a separate motion, Petitioner seeks permission to file his motion for extension of time *in forma pauperis*.

To the extent that Petitioner is seeking appointment of appellate counsel, his request is denied.[2] "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). At this

---

[1]The actual title for this motion is "Motion for Leave to File Respondent's Proposed Answer to Writ of Habeas Corpus." The Clerk of Court docketed the motion as a motion for leave to intervene in special visitation. The Court understands the motion to seek answers to interrogatories.

[2]In his motion to extend, Petitioner states that on February 8, 2012, he requested that the court appoint him counsel under 18 U.S.C. § 3006A. However, no such motion for appointment of counsel has been filed. The court will briefly consider Petitioner's contention that he should be appointed counsel in the context of his motion to extend.

point in the proceedings, the court has denied Petitioner's habeas corpus petition, which was prepared by counsel, and has declined to issue a certificate of appealability. In the court's view, the interests of justice do not require appointment of counsel at this late hour.

As for the request to extend the period for appeal, Petitioner will automatically have thirty days from the date of entry of this order to file a notice of appeal. This is due to Petitioner's filing of a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, which delays the start of the period for taking an appeal until the court enters an order disposing of that motion. Fed. R. App. P. 4(a)(4)(A)(iv). The court does not find good cause for further extending Petitioner's time for filing a notice of appeal, especially given that the court did not issue Petitioner a certificate of appealability. *See* Fed. R. App. P. 4(a)(5)(A)(ii). Petitioner's motion to proceed *in forma pauperis* will be denied as unnecessary because there is no filing fee for the motion to extend.

## II. MOTION FOR LEAVE TO FILE EXCESS PAGES AND MOTION TO ALTER OR AMEND THE JUDGMENT

Petitioner also requested leave to file a motion to alter or amend the judgment that exceeded ten pages. However, the only applicable page limit, imposed by the Local Rules for the Eastern District of Michigan, allows Petitioner to file a brief up to twenty pages in support of his motion. *See* E.D. Mich. LR 7.1(d)(3)(A). As Petitioner's motion is only sixteen pages, he need not obtain leave of the court to file it. The court will therefore deny Petitioner's motion for leave to file excess pages as unnecessary and will proceed to consider the merits of his motion to alter or amend the judgment.

Petitioner asks the court to alter or amend the judgment denying him habeas relief under Federal Rules of Civil Procedure 15(c) and 59(e).  Apparently, Petitioner both requests the court to reconsider some aspects of its prior ruling and seeks to amend his habeas petition to pursue some additional claims.  *See United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (noting that district court has discretion to set aside prior judgment under Rule 59(e) in order to permit plaintiff to amend its complaint under Rule 15).

Rule 59(e) allows a district court to consider a motion to alter or amend a judgment when, as here, it is filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).  "A court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1, at 127-28 (2nd ed. 1995)).  "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court . . . ." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (citing *U.S. Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980)).

**A. Prosecutorial Misconduct and Sufficiency of the Evidence**

Petitioner first attacks the court's treatment of his claim regarding the prosecutor's remarks during closing arguments. The court concluded in its dispositive opinion and order that Petitioner procedurally defaulted that portion of his prosecutorial misconduct claim. Aside from rearguing the merits of this claim, Petitioner also appears to assert that his trial counsel rendered constitutionally ineffective assistance by failing to object to the prosecutor's closing argument at trial. However, this argument, which purports to show cause for Petitioner's procedural default, "could have been raised prior to the entry of judgment" and is not a proper basis for relief under Rule 59(e). *Exxon Shipping*, 554 U.S. at 486 n.5. Petitioner has not shown that the court made a clear error of law when it determined that his claim about the prosecutor's closing argument was procedurally defaulted, and the court will not alter or amend the judgment on this ground.

Petitioner also reargues his contention that his convictions for possession with intent to distribute cocaine and for conspiracy were not supported by sufficient evidence. Again, Petitioner fails to establish that the court's rejection of this claim constitutes a clear error of law. Neither has Petitioner shown that he is otherwise entitled to relief under Rule 59(e). The court will not alter or amend its judgment on Petitioner's sufficiency-of-the-evidence claim.

**B. New Claims**

Finally, Petitioner's motion to alter or amend the judgment raises some new claims related to an alleged subornation of perjury by the prosecutor, the trial court's admission of certain character evidence, and ineffective assistance of trial and appellate

counsel. Any motion to amend a habeas petition to include additional claims, even when raised immediately after judgment in connection with a Rule 59(e) motion, is subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). For Petitioner, the limitations period expired on January 27, 2010, one year after the Michigan Supreme Court denied his application for leave to appeal his conviction. *See People v. Williams*, 483 Mich. 882 (2009). Because Petitioner brought his motion well outside of this period, it must be denied if the new grounds for relief are "supported by facts that differ in both time and type from those the original pleading set forth" and therefore cannot relate back to the date of the original petition. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The new claims Petitioner seeks to assert are not sufficiently related in "time and type" to his original claims, so the court cannot entertain these claims without running afoul of AEDPA's statute of limitations. Accordingly, the motion to alter or amend the judgment will be denied.

**III. MOTION TO COMPEL RESPONDENT TO ANSWER INTERROGATORIES**

Petitioner's fifth and final motion is titled "Motion for Leave to File Respondent's Proposed Answer to Writ of Habeas Corpus." Petitioner states that he is moving to intervene "in special visitation" and not by way of an appearance, but attached to the motion are a series of questions directed at the Assistant Attorney General who filed an answer to Petitioner's habeas petition. The court therefore construes the motion to seek an order compelling Respondent to file answers to interrogatories. The interrogatories purport to determine the jurisdiction, authority, nature, and cause of the State's restraint on Petitioner's liberty.

"[I]n appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" *Harris v. Nelson*, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243). This court, however, has already entered a judgment determining that Petitioner is not in custody in violation of the Constitution and is not entitled to a writ of habeas corpus. Thus, there is no need for Respondent to answer Petitioner's interrogatories concerning the restraint on Petitioner's liberty. Therefore, the motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petitioner's "Motion to Extend Time" [Dkt. # 10] is DENIED. By operation of Federal Rule of Appellate Procedure 4(a)(4)(A), Petitioner has thirty days after entry of this order to file a notice of appeal.

IT IS FURTHER ORDERED that the "Motion to Proceed *In Forma Pauperis*" [Dkt. # 11] is DENIED as unnecessary.

IT IS FURTHER ORDERED that the "Motion for Leave to File Excess Pages" [Dkt. # 12] is DENIED as unnecessary.

IT IS FURTHER ORDERED that the "Motion to Alter or Amend Judgment" [Dkt. # 13] is DENIED.

Finally, IT IS ORDERED that the “Motion for Leave to Intervene in Special Visitation” [Dkt. # 14] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2012, by electronic and/or ordinary mail.

s/Amanda Chubb for Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522